# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                :          Case No. 3:08-cr-038

                                    District Judge Walter Herbert Rice
    -vs-                               Magistrate Judge Michael R. Merz

                             :

JOHN S. MCINTIRE, IV.,

      Defendant.

---

## ORDER FOR ANSWER ON GROUNDS ONE AND TWO; REPORT AND RECOMMENDATIONS ON GROUND THREE

---

This case is before the Court on Defendant's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 (Doc. No. 96) for initial review under Rule 4 of the Rules Governing § 2255 Cases. The matter has been referred to United States Magistrate Judge Michael R. Merz pursuant to the General Order of Assignment and Reference for the Dayton location of court.

Defendant makes two claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. He asserts trial counsel was ineffective for failure to raise the defenses of entrapment (Ground One) and sentencing entrapment and outrageous government conduct (Ground Two). He asserts his appellate counsel, the same attorney, was ineffective for filing an *Anders* brief.

It does not plainly appear from the face of the motion, the annexed exhibits, and the prior proceedings in the case that Defendant is not entitled to relief on his claims of ineffective assistance of trial counsel. Accordingly, it is hereby ORDERED that the United States Attorney shall, not later than October 13, 2009, file an answer conforming to the requirements of Rule 5 of the Rules

Governing §2255 Cases. Specifically, said answer shall respond to each allegation made in the Motion in Grounds One and Two, raise any affirmative defenses available to the United States, and state whether Defendant has previously received an evidentiary hearing on any of the matters he now raises or whether he is entitled, in the Government's view, to an evidentiary hearing in this proceeding.

Defendant may, not later than twenty-one days after the Answer is filed, file and serve a reply or traverse to the Answer. If the Government files a motion to dismiss, Defendant's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

Defendant's third ground for relief is ineffective assistance of appellate counsel, to wit, that his appellate attorney provided ineffective assistance when he filed an *Anders* brief in the Sixth Circuit. However, the appellate court has already decided that the *Anders* brief was appropriate and on that basis permitted counsel to withdraw. Since the question of whether the Anders brief was appropriate has already been decided by the Court of Appeals, reconsideration here is barred by the doctrine of *res judicata*. Ground Three should therefore be dismissed with prejudice.

September 23, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for

the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).