# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,               :         Case No. 3:08-cr-038

                                    District Judge Walter Herbert Rice
    -vs-                            Magistrate Judge Michael R. Merz

                              :

JOHN S. MCINTIRE, IV.,

      Defendant.

## REPORT AND RECOMMENDATIONS ON GROUNDS ONE AND TWO

This case is before the Court on Defendant's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 (Doc. No. 96).

Defendant makes two claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. He asserts trial counsel was ineffective for failure to raise the defenses of entrapment (Ground One) and sentencing entrapment and outrageous government conduct (Ground Two). He asserts his appellate counsel, the same attorney, was ineffective for filing an *Anders* brief (Ground Three).

Upon initial review under Rule 4 of the Rules Governing § 2255 Motions, the Magistrate Judge recommended that Ground Three be dismissed on *res judicata* grounds because the Court of Appeals had already decided that an *Anders* brief was appropriate (Doc. No. 97). Defendant made no objection to that recommendation and it has been adopted by the District Court (Doc. No. 101).

On Grounds One and Two, the Court ordered an answer which the United States has filed (Doc. No. 103). Defendant filed a timely reply (Doc. No. 105). The matter is accordingly ripe for decision.

# Ground One: The Entrapment Defense

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d

313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

The same standards apply in evaluating ineffective assistance claims in cases which resulted in a negotiated plea. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to satisfy the "prejudice" prong of *Strickland* in a negotiated plea case, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial. Hill, 474 U.S., at 48.

As summarized in the Government's Answer and confirmed by the docket, Defendant was indicted with three co-defendants on March 4, 2008, on charges of conspiracy to possess with intent to distribute cocaine in a quantity in excess of five kilograms, distribution of cocaine, possession with intent to distribute marijuana, conspiracy to interfere with commerce by robbery, possession of a firearm in relation to a drug trafficking crime, and possession of body armor and a firearm by a convicted felon, the latter also charged to have been in relation to a drug trafficking crime. Defendant reached a plea agreement with the United States under which he would plead guilty to Count 1 and the remaining counts would be dismissed (Doc. No. 38).

The Plea Agreement was carried into effect on May 22, 2008, when Defendant entered his plea of guilty in the context of an extensive plea colloquy under Fed. R. Crim. P. 11 (Tr. 5/22/2008, Doc. No. 39). As part of the plea colloquy, Defendant acknowledged that he understood the nature of the offense to which he was pleading guilty and the mandatory minimum penalty of ten years' imprisonment. He specifically acknowledged that he was satisfied with the legal services Assistant Federal Defender Thomas Anderson had provided to him and that he was giving up the right to appeal anything that had occurred before the plea. *Id.* at 19, 25. He also acknowledged the truth of the statement of facts made a part of the Plea Agreement.

After preparation of the Presentence Investigation Report, Defendant was sentenced on

August 28, 2008, to an imprisonment term of 144 months (Tr. 8/28/2008, Doc. No. 56, at 23). At sentencing Mr. Anderson made the successful argument that the two point enhancement recommended by the Probation Department for an aggravated role in the offense should be eliminated. He unsuccessfully argued for the mandatory minimum sentence of 120 months on the basis of facts which Defendant advances in his second Ground for Relief: there wasn't any real cocaine to be obtained by the home invasion robbery, much less an amount of five kilograms or more.

Judge Rice did not accept that argument and found that the criminal history points assessed against Defendant understated his criminal history, given prior violent felony offenses. He imposed a sentence within the advisory Guideline range of 121-151 months. *Id.* at 5, 9. The Court of Appeals later examined the sentence, found the Guideline range was properly calculated, and concluded the sentence was reasonable. *United States v. McIntire*, Case No. 08-4204 (6th Cir. Jul 21, 2008)(copy at Doc. No. 95).

The United States argues first of all that Defendant waived his claim about a possible entrapment defense by pleading guilty, relying on . *United States v. Broce*, 488 U.S. 563, 570 (1989) (Answer, Doc. No. 103, at 5). With respect to the defense of entrapment, the Government expressly relies on *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir.2002)("A voluntary and unconditional plea of guilty generally waives any nonjurisdictional claims that arose before the plea, including the defense of entrapment.")

The Government is correct that by entering a plea of guilty, an accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). A guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). A guilty plea

4

constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy*, 394 U.S. at 466.

Of course, the plea of guilty does not waive a claim that the plea was not knowing, intelligent, and voluntary because it was based on ineffective assistance of trial counsel. Defendant does not directly seek to withdraw his guilty plea on the ground of ineffective assistance of trial counsel and perhaps does not realize that that would be the effect of granting relief.[1] But by implication he is arguing that the plea was involuntary because Mr. Anderson could have/should have developed the entrapment defense.

The difficulty with this argument is that there is no stated factual basis on which the Court could determine that an entrapment defense would have been successful. Mr. Anderson avers in his Affidavit that he and Mr. McIntire discussed the entrapment defense and how it might apply in this case.

> We discussed how his willingness to participate in the scheme and his criminal record - including prior violent felony convictions - could easily lead to a conclusion by a judge or jury that he was predisposed to commit the robbery. We discussed the possible penalties if convicted of all charges if either a judge would not permit an entrapment instruction or if a jury felt the government could establish predisposition. I rendered an opinion to Mr. McIntire that the facts of his case and his record was not conducive to a successful entrapment defense based upon my review of the law.

---

[1]In his Motion to Vacate, Defendant merely asks that the sentence be vacated. But Defendant had no plea agreement for a lower sentence, so vacating the sentence would only be done in the context of vacating the entire judgment, which would put Defendant back where he was before the Plea Agreement: facing trial on a multi-count indictment with a substantially higher sentence in prospect if he lost.

(Anderson Affidavit, Ex. 1 to Answer, Doc. No. 103, at 2.) Mr. McIntire does not discuss any facts that would support an entrapment defense which he did not know at the time of pleading guilty and which he did not convey to Mr. Anderson. He argues Mr. Anderson should have "investigated" this defense, but he does not cite any facts Mr. Anderson would have learned by conducting such an investigation which would support the defense or any law which would render Mr. Anderson's advice – to wit, that the entrapment defense was unlikely to be successful – incompetent legal advice. Furthermore, in acceding to the Statement of Facts, he admitted facts which negate the entrapment defense.

In sum, there is no showing that Mr. Anderson rendered ineffective assistance by advising Mr. McIntire to forego the entrapment defense. There is also no showing of prejudice resulting from that advice: by pleading guilty to Count One, Defendant avoided any possible conviction on the other counts, one of which – the possession of a firearm in relation to a drug crime – carries a mandatory minimum five-year sentence which must be served consecutively to the sentence on the underlying drug crime.\

Ground One for Relief is without merit.

**Ground Two: Sentencing Entrapment**

In his second Ground for Relief, Mr. McIntire argues that Mr. Anderson should have claimed Defendant was subjected to "sentencing entrapment." That is, Anderson should have argued that the most the Government could prove was that Defendant had a propensity to commit small drug crimes – selling ounce quantities of cocaine – and the idea of much bigger quantities (20-50 kilograms) and using guns and home invasion to get them – were entirely the idea of the Government.

The difficulties with this claim are threefold. First of all, as the Government points out, the

6

Sixth Circuit has never accepted the sentencing entrapment argument. (Answer, Doc. No. 103, at 9, citing *United States v. Guest*, 564 U.S. 777[2], 781(6th Cir. 2009).

Secondly, the facts do not support such an argument. As an overt act in support of the conspiracy charge, the Government was able to prove, and Defendant admitted in the Statement of Facts, that he went to the location from which the home invasion was to be launched with firearms, body armor, and false police identification clothing. He may not have been willing to do armed robbery in support of his small drug sales business, but he proved himself willing to do it when the prospect was 20-50 kilograms.

Finally, Mr. Anderson did make the argument, noting in the sentencing memorandum that the cocaine was all fictitious. If Judge Rice had been disposed to accept that argument, it was there for him to do so. Mr. McIntire claims Mr. Anderson should have formally moved for a downward departure on this basis, but the minimum in the Guideline range was 121 months, just a month longer than the mandatory minimum on Count One and Mr. Anderson did argue for 120 month sentence. Mr. McIntire has made no showing that a formal motion to that effect would have probably made any difference in the outcome.

In his Response, Mr. McIntire makes a number of additional "shotgun" arguments criticizing Mr. Anderson's performance:

1. McIntire claims Anderson never told him that the dismissed counts could be held against him as relevant conduct. (Response, Doc. No. 106, at 2.)

2. McIntire claims Anderson told him he would only be convicted of the "amount of quantity spread equally throughout the participating parties." *Id.* at 2-3.

3. McIntire told Anderson of his "financial desperation, the possible losses [sic] of his home, supporting his child and wife and the need for bankruptcy, which was the only reason he

---

[2]The correct citation is 564 F.3d 777 (6th Cir. 2009).

7

would ever consider an illegal action." *Id.* at 3.

4. Anderson failed to file a motion to suppress. *Id.* at 10.

5. Anderson filed an *Anders* brief,. contrary to McIntire's instructions. *Id.* at 4.

The first four of these claims were not made in the Motion to Vacate. Claims 1, 2, and 3 are also contradicted by McIntire's statements during the plea colloquy. As to claim 4, McIntire does not suggest what the Government obtained by an illegal search in this case or how it could have been suppressed. As to the *Anders* brief issue, it was already resolved on the merits by the Court of Appeals. The filing of an *Anders* brief is not something within the control of a client; an attorney is under an ethical obligation to the courts not to advance frivolous arguments.

Mr. McIntire spends much of his Response arguing about the proper weight of drugs to be attributed to him. That of course is also an argument not made in the Motion to Vacate or raised on appeal. He relies on *United States v. Davern*, 970 F.2d 1490 (6th Cir. 1992), but that case supports his sentence. There the Defendant agrees to purchase 500 grams of cocaine from an undercover agent, but only received 85. The Court of Appeals, in affirming his sentence on a charge of possession with intent to distribute, held it was proper to hold him responsible for the intended amount.

In the second part of his Response, Mr. McIntire argues Mr. Anderson deprived him of a jury trial by not properly advising him of what the Government would have had to prove at trial. What Defendant fails to appreciate is that his serious prior criminal history would have made an entrapment defense completely non-viable. In addition, the Government had eyewitness and probably video-recorded evidence of Defendant's showing up at the staging area for the home invasion heavily armed. It si extremely unlikely that an entrapment defense would have prevailed under those circumstances.

Lastly, Defendant asks the Court to exclude Mr. Anderson's Affidavit from evidence and

instead to schedule an evidentiary hearing at which he can cross-examine Mr. Anderson "and to take the stand in the possible contradiction of any testimony. . . ." (Response, Doc. No. 106, at 16.) He asserts he has a right to such a hearing.

Rule 8(a) of the Rules Governing § 2255 Proceedings provides:

> **(a) Determining Whether to Hold a Hearing.** If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Rule 7 expressly permits the consideration of affidavits as part of the record. The Federal Rules of Evidence, which ordinarily exclude affidavits as hearsay, are inapplicable to § 2255 proceedings to the extent that the Rules adopted by the Supreme Court for the conduct of those proceedings allow affidavits to be considered. Fed. R. Evid. 1101(e). These Rules, taken together, authorize the Court to exercise its discretion in deciding whether to consider affidavits or hold a hearing.

In this case, no evidentiary hearing is necessary. There is actually very little conflict between Mr. Anderson's affidavit and the facts as Defendant states them. All the facts necessary to put up an entrapment defense were known to McIntire and not dependent on some independent investigation by Anderson. They discussed the defense, Anderson admits he recommended against raising it and in favor of taking the plea agreement, and McIntire in fact accepted that advice. This is not like the case where a defendant claims he told his attorney to appeal and the attorney denies that such a request was made. Rather, Mr. McIntire now regrets taking the advice, but offers no new facts which were unknown to Mr. Anderson which would have made the defense viable. Defendant's request for an evidentiary hearing is denied.

**Conclusion**

Defendant's § 2255 Motion is without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

December 22, 2009.

                                                      s/ **Michael R. Merz**
                                                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).